UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBLY ARNOLD and BYRON ARNOLD,<br><br>    Plaintiffs,<br><br>    v.<br><br>STEARNS LENDING SERVICES LLC, et al.,<br><br>    Defendants. | Case No. 1:22-CV-01534-JLT-SKO<br><br>ORDER TO SHOW CAUSE RE FEDERAL QUESTION JURISDICTION<br><br>*30-Day Deadline* |

Defendants removed this action from Stanislaus County Superior Court to this Court on November 30, 2022. (Doc. 1.) Defendants cite federal question jurisdiction as the sole basis for the removal. (Doc. 1 at 2–3.)

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. *Attorneys Trust v. Videotape Computer Prods., Inc.*, 93 F.3d 593, 594–95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-

matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377.

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Most federal-question jurisdiction cases are those in which federal law creates a cause of action. A case may also arise under federal law where 'it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.'" *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983)). The "well-pleaded complaint rule" provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). The mere presence of a federal issue does not automatically confer federal question jurisdiction and passing references to federal statutes do not create a substantial federal question. *Lippitt v. Raymond James Fin. Servs.*, Inc., 340 F.3d 1033, 1040–41 (9th Cir. 2003). "'Arising under' federal jurisdiction only arises . . . when the federal law does more than just shape a court's interpretation of state law; the federal law must be at issue." *Int'l Union of Operating Eng'rs v. County of Plumas*, 559 F.3d 1041, 1045 (9th Cir. 2009). More specifically, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

According to Defendants, there is a federal question because "Plaintiffs seek rescission of the claims and liens of the Secretary of the Department of Housing and Urban Development (HUD) pursuant to the Promissory Note and Deed of Trust in FHA Case No. 045-8460051-703, appearing at Attachment 'B' to the Complaint." (*Id*. at 2.) Though the complaint repeatedly mentions the "FHA", "FHA-Partial Claims," the CARES Act, and certain other federal programs, agencies, and rules/regulations, the only *cause of action* for rescission in the Complaint is facially premised upon *California* Civil Code § 1689, which permits rescission of a contract under various

circumstances. No other claim in the case is facially premised upon federal law. Rather, they are all explicitly grounded in California law. Relatedly, the Court is unaware of any authority that indicates a federal question is present simply because a mortgage in dispute is FHA-insured. The Court directs the parties' attention to the recent decision in *Young v. AmeriHome Mortg. Co.*, LLC, No. 22-CV-1163 JLS (AGS), 2022 WL 3371341, at *2 (S.D. Cal. Aug. 16, 2022), which found no federal question jurisdiction over state law claims despite the Plaintiff's repeated reliance in the Complaint on mortgage relief provisions contained within the federal CARES Act. In sum, Court is unable to determine from the face of the Complaint or the Notice of Removal whether federal question exists. Accordingly, the Court orders as follows:

1. **Within 30 days of the date of this order, Defendants are ordered to show cause why this case should not be remanded to state court *sua sponte*.** Alternatively, they may file a stipulation remanding the action.[1]
2. Thereafter, Plaintiffs shall have **14 days** to file a response to any brief filed by Defendants.
3. The matter will be decided on the papers without a hearing.
4. In light of the above, all other deadlines in this matter are **continued by 45 days**.

IT IS SO ORDERED.

Dated:   **December 19, 2022**

UNITED STATES DISTRICT JUDGE

---

[1] Counsel are reminded of their obligations under Rule 11

3