UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBLY ARNOLD and BYRON ARNOLD,<br><br>     Plaintiffs,<br><br>     v.<br><br>STEARNS LENDING SERVICES LLC, et al.,<br><br>     Defendants. | Case No. 1:22-CV-01534-JLT-SKO<br><br>ORDER REMANDING CASE |

LoanCare LLC removed this action from Stanislaus County Superior Court to this Court citing federal question jurisdiction as the sole basis for the removal. (Doc. 1 at 2–3.) This Court ordered Defendant to show cause why this case should not be remanded *sua sponte* to state court. Defendant filed a response, and the Plaintiffs. (Doc. 13; Doc. 15.) Having considered the entire record, the Court concludes that remand is required.

For the sake of expedience, the Court repeats here the pertinent parts of its OSC:

> Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist*., 475 U.S. 534, 546

1

(1986)). Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. *Attorneys Trust v. Videotape Computer Prods., Inc.*, 93 F.3d 593, 594–95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377.

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Most federal-question jurisdiction cases are those in which federal law creates a cause of action. A case may also arise under federal law where 'it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.'" *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983)). The "well-pleaded complaint rule" provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). The mere presence of a federal issue does not automatically confer federal question jurisdiction and passing references to federal statutes do not create a substantial federal question. *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1040–41 (9th Cir. 2003). "'Arising under' federal jurisdiction only arises . . . when the federal law does more than just shape a court's interpretation of state law; the federal law must be at issue." *Int'l Union of Operating Eng'rs v. County of Plumas*, 559 F.3d 1041, 1045 (9th Cir. 2009). More specifically, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

According to Defendant[], there is a federal question because "Plaintiffs seek rescission of the claims and liens of the Secretary of the Department of Housing and Urban Development (HUD) pursuant to the Promissory Note and Deed of Trust in FHA Case No. 045-8460051-703, appearing at Attachment 'B' to the Complaint." (*Id.* at 2.) Though the complaint repeatedly mentions the "FHA", "FHA-Partial Claims," the CARES Act, and certain other federal programs, agencies, and rules/regulations, the only *cause of action* for rescission in the Complaint is facially premised upon *California* Civil Code § 1689, which permits rescission of a contract under various circumstances. No other claim in the case is facially premised upon federal law. Rather, they are all explicitly grounded in California law. Relatedly, the Court is unaware of any authority that indicates a federal question is present simply because a mortgage in dispute is FHA-insured. The Court directs the parties' attention to the recent decision in *Young v. AmeriHome Mortg. Co., LLC*, No. 22-CV-1163 JLS (AGS), 2022 WL 3371341, at *2 (S.D. Cal. Aug. 16, 2022), which found no federal question jurisdiction over state law claims despite the Plaintiff's repeated reliance in the

>Complaint on mortgage relief provisions contained within the federal CARES Act. In sum, Court is unable to determine from the face of the Complaint or the Notice of Removal whether federal question exists.

(Doc. 11 at 1–3.)

Defendant's response contains two paragraphs of argument in which it acknowledges that Plaintiff's claim for rescission is premised upon California law but insists that the terms of the agreement "expressly implicate federal law in the determination of the enforceability of the agreement, including the security for the debt. As such 12 [C.F.R.] Part 1025 (Regulation Z) is implicated, in particular, section 1026.2, relating to a borrower's right of rescission." (Doc. 13 at 4.)

This entirely conclusory argument, even though it references Regulation Z, fails to meet Defendant's burden to establish the propriety of removal. *See Kokkonen*, 511 U.S. at 377. Even in cases where Regulation Z is a necessary element of a state law claim, that fact still may be insufficient to maintain federal question jurisdiction. *See Medina v. Performance Auto. Grp., Inc.*, 841 F. Supp. 2d 1121, 1124 (E.D. Cal. 2012) (remanding claim brought under Cal. Civ. Code § 1689 even though the claim itself mentioned Regulation Z); *Muller v. Auto Mission, Ltd.*, No. 13-CV-00304-NC, 2013 WL 1996916, at *7 (N.D. Cal. May 13, 2013) ("Even if Regulation Z were shown to be a necessary element, defendants have not met their burden of demonstrating a substantial and disputed question under Regulation Z."). Defendant has made no effort to explain why the claims in this case raise substantial and disputed questions related to Regulation Z or any other federal law. It is not the Court's responsibility to identify authority or make arguments for Defendant.

The Court acknowledges that the complaint is in many respects "incomprehensible," but a court cannot presume federal jurisdiction simply because a complaint is confusing. This is particularly so given that courts are directed to construe the removal statute strictly, *Provincial Gov't of Marinduque v. Placer Dome*, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted), and to resolve all doubts in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Accordingly, this case is **REMANDED** to the Superior

Court for the County of Stanislaus.

IT IS SO ORDERED.

Dated: __**April 26, 2023**__                           /s/ Jennifer L. Thurston
                                                            UNITED STATES DISTRICT JUDGE